IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROCHELLE BURKS,  TERRY BENSON,     )
RHONDA FAWRA, AMBER FIELDS,     )
GWENZELLA PENNEWELL,  and     )
ROCHELLE, TUCKER, <u>WILLIAM PENNEWELL</u>     )
    )    C.A. No.  04-0165 (KAJ)
         Plaintiffs,     )
    )    Trial By Jury Demanded
      v.     )
    )
JAMES HOBAN, CRAIG WELDON, ROBERT     )
ROWE, ROGER JACKSON, ROBERT     )
WILLOUGHBY, MARK LUTES, JASON WILSON     )
DESHAWN PRICE, CHARLES TWARDORSKI,     )
BRENT SNYDER, PHILLIP DAVIS, JAMES     )
HEDRICK, SUE RIMMEL, PROPERTY ADVISORY     )
GROUP, INC, and NEW CASTLE COUNTY     )
    )
         Defendants.     )

## THIRD AMENDED COMPLAINT

### THE PARTIES

1.    Rochelle Burks, is a resident of New Castle County, Delaware, residing at Lexington Green Apartments.

2.    Terry Benson is a resident of New Castle County, Delaware, residing at Lexington Green Apartments.

3.    Rhonda Fawra is a resident of New Castle County, Delaware, residing at Lexington Green Apartments.

4.    Amber Fields is a resident of New Castle County, Delaware, residing at Lexington Green Apartments.

5.    Gwenzella Pennewell, is a resident of New Castle County, Delaware, residing at Lexington Green Apartments.

6.    Rochelle Tucker, is a resident of New Castle County, Delaware, residing at Lexington Green Apartments.

7.    William Pennewll is a resident of New Castle Count, Delaware, residing at Lexington Green Apartments.

8.    The defendant, Robert Rowe is a Probation Officer employed by the State of Delaware, Department of Corrections, Division of Field Services for Probation and Parole, and may served by serving him personally at the Department of Probation and Parole

9.    The defendant, Robert Willoughby is a Probation Officer employed by the State of Delaware, Department of Corrections, Division of Field Services for Probation and Parole, and may served by serving him personally at the Department of Probation and Parole

10.    The defendant, Roger Jackson is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

11.    The defendant, James Hoban is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

12.    The defendant, Craig Weldon is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

13.    The defendant, Mark Lutes is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

14.    The defendant, Jason Wilson is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

15.    The defendant, DeShawn Price is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

16.    The defendant, Charles Twardoski is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

17.    The defendant, Phillip Davis is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

18.    The defendant, James Hetrick is a Police Officer employed by the New Castle County Police Department, and may be served by serving the New Castle County Police Department, Route 13 N. DuPont Highway, New Castle, Delaware 19720.

19.    The defendant, Property Advisory Group, Inc., is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

20.    The defendant Sue Rimmel, is an employee of the defendant, Property Advisory Group, Inc., whose actions described herein were at all times performed during the course of her employment as an employee and agent of the defendant Property Advisory Group, Inc., and as such, the defendant, Property Advisory Group, Inc. is liable for her actions.

## JURISDICTION AND VENUE

21.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(1)(3)(4), 28 U.S.C. §§2201 and 2202, and the Fourteenth Amendment to the United States Constitution. This Court has supplemental jurisdiction over all other claims asserted herein in that they are related to the issues over which original jurisdiction is confirmed and are a part of the same case and controversy pursuant to 28 U.S.C. §1367.  This cause of action arises under 42 U.S.C. §1983, and arose within the Judicial District of Delaware.  Venue in this Court is predicated upon the provisions of 28 U.S.C. §1391(b)(c).

## FACTUAL ALLEGATIONS

22.    During the calendar year 2003, the individual defendants were tenants, and by leases were residents of apartments owned and/or operated by the defendant, Property Advisory Group, Inc., in an apartment complex known as Lexington Green Apartments.

23.    The manager of Lexington Green Apartments, Sue Rimmel at all times relevant herein, was an employee of Property Advisory Group, Inc., employed as property manager.

24.    The defendant, James Hetrick, was at all times relevant herein the acting Colonel in command of the New Castle County Police, and as such was a decision maker possessing the final authority to establish policies for New Castle County with respect to its law enforcement functions.

25.    In late June or earlier July of 2003, the defendant, James Hoban requested from, and obtained from the defendant, Sue Rimmel, a list of all tenants residing at Lexington Green Apartments.

26.    The defendant, James Hoban, then, utilizing the list of tenants obtained from the defendant, Sue Rimmel, residing at Lexington Green Apartments, crossed referenced that list

with the Delaware Dejis Computer System in order to attempt to determine if any resident was then on probation or had outstanding capiases or warrants naming those tenants. The tenants found by such cross-referencing were not the subject of any ongoing criminal investigation.

27.     The defendant Hoban, and other defendants, named herein sought to obtain search warrants from the Magistrate Court of the State of Delaware, to search various apartments are Lexington Green Apartments, but such warrants were denied by the Magistrate to which such application was made, based upon a finding of lack of probable cause for the issuance of such warrants.

28.     The defendant Hoban, after consulting with the defendant, Weldon, approached the defendants Rowe and Willoughby of the Delaware State Department of Probation and Parole in order to utilize the administrative authority of the Department of Probation and Parole to perform administrative searches of those individuals who resided in Lexington Green Apartments and were under the supervision of the Delaware State Department of Probation and Parole.

29.     At the time of the planning for the search of the various residents of the Lexington Green Apartments, the residents to be searched were not searched for the primary purpose of arresting or placing into custody any of the tenants residing in those apartments.

30.     On July 2, 2003, in the early morning hours the State of Delaware Defendants, and/or New Castle County Defendants, with the two individual defendants, Jackson and Rowe, all approached the defendants, Property Advisory Group, Inc., and Sue Rimmel, for the purported purposes of searching the residences of the plaintiffs. Those defendants without the use of any search warrant asked the defendant Property Advisory Group, Inc., and Sue Rimmel to provide keys to the apartments leased to the plaintiffs, and the defendants, Property Advisory

Group, and Rimmel gave keys to the residences of the plaintiffs to the State of Delaware Defendants and/or the New Castle County Defendants, without the permission of the plaintiffs.

31      The actions of the individual defendants, except those of the defendants Rowe, Willoughby, and Rimmel were performed as official policy of New Castle County having been approved by a decision maker possessing final authority to establish policy for New Castle County with respect to law enforcement.

32.      During July of 2003 the defendants, James Hoban Craig Weldon, Roger Jackson, Mark Lutes, Jason Wilson, DeShawn Price, Charles Twardorski, Brent Snyder, Phillip Davis, James Hedrick, and New Castle County (hereinafter referred to as "New Castle County Defenants") utilized a governmental policy and customs, which had become official policy either by expressed design, or by acquiescence in its continuance, of conducting "law enforcement sweeps" of housing, occupied by African American females, using existing or expected minor traffic and/or criminal charges as a mean of harassment and as an excuse and opportunity to search for unrelated and merely suspected criminal activity.

33.      On July 2, 2003, between the house of 6:00 a.m. and 7:00 a.m. in the morning, the defendants, together, in agreement and in conspiracy with each other used minor traffic, criminal, and/or probationary status for such matters as an excuse to search the apartments of the defendants, without warrants, probable cause, or reasonable suspicion to believe ongoing criminal activity was occurring.

34.      The actions of the defendants violated the protections of the United States Constitution, specifically, the Fourth, Fifth, and Fourteenth Amendments thereto, against unreasonable search and seizures, in that the defendants did not have valid search warrants to conduct the searches at the time such searches were conducted, they conducted searches that

were overbroad and unnecessary to serve any legitimate governmental purpose, or to provide for their own safety, and provided such searches without adequate warning or notice to the occupants of the residences for which they searched, and conducted such searches in a manner such as to cause embarrassment and humiliation to the residents.

## COUNT I

### Benson v. Defendants

35.    The plaintiff Benson incorporate herein and make a part hereof the allegations contained in paragraphs 1 through 34.

36.    At 6:40 a.m., the plaintiff Benson, a resident of Lexington Green Apartments, was awoken by the defendants who had entered her apartment with a key provided to them by the defendant, Rimmel.

37.    Although the defendants who entered the plaintiff, Benson's apartment stated that they had a search warrant, no warrant was displayed to her. At the time of the search there were no pending criminal charges against the plaintiff Benson, no capiases, nor was she on probation or parole.

38.    The defendants searched the plaintiff Benson's entire apartment, including every room, and every closet, stating only that they were searching for her son, Carl Benson. The defendants spent 25 minutes conducting such a search.

39.    Carl Benson is not listed as a resident of Benson's apartment, on her lease between the plaintiff Benson, and Property Advisory Group, Inc.

40.    As a direct and proximate result of the actions of the defendants, the plaintiff Benson was subject to an unreasonable search and seizure, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

41.     As a further direct and proximate result of the actions of the defendants, the plaintiff Benson has undergone significant humiliation, embarrassment, pain, and mental suffering, which has caused her to expend funds for medical treatment.

## COUNT II

### Burks v. Defendants

42.     The plaintiffs incorporate herein and make a part hereof the allegations contained in paragraphs 1 through 34.

43.     On the morning of July 2, 2003, the plaintiff, Burks, was a resident of Lexington Green Apartments.

44.     On the morning of July 2, 2003, the State of Delaware defendants, and the New Castle County defendants, and the defendants Jackson and Rowe, using a key obtained from defendants, Property Advisory Group, Inc, and Sue Rimmel, opened the door to the plaintiff, Burk's, apartment, and five individuals entered that apartment, and searched the entire apartment.

45.     During the process of the search of the plaintiff Burks' apartment, the plaintiff Burks was not allowed to get dressed, and to stand in front of one or more of the defendants in a state of undress, being clothed only in a t-shirt and her underwear.

46.     The defendants informed the plaintiff Burks that her apartment was being searched because a capias had been issued for her arrest for failure to pay a $100 fine for issuing a check with insufficient funds.

47.     As of July 2, 2003 the plaintiff, Burks, was not on probation or parole for any criminal charges.

48.    As a direct and proximate result of the actions of the defendants, the plaintiff Burks was subject to an unreasonable search and seizure, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

49.    As a further direct and proximate result of the actions of the defendants, the plaintiff Burks has undergone significant humiliation, embarrassment, pain, and mental suffering, which has caused her to expend funds for medical treatment.

## COUNT III

### Fawra v. Defendants

50.    The plaintiff, Fawra, incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 34.

51.    On July 2, 2003, the plaintiff Fawra was a resident of Lexington Green Apartments, owned and operated by the defendant Property Advisory Group, Inc.

52.    On July 2, 2003, while doing search of apartments in Lexington Green, one or more of the defendants, encountered the plaintiff, Fawra, and asked her if she was on probation. When she replied in the affirmative, one defendant went and got additional individuals and came back and searched the plaintiff, Fawra's entire apartment.

53.    The plaintiff, Fawra, was eventually arrested for an unpaid fine, for driving without insurance. She had not been previously listed on any list of persons to be searched by the defendants.

54.    As a direct and proximate result of the actions of the defendants, the plaintiff Benson was subject to an unreasonable search and seizure, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

55.     As a further direct and proximate result of the actions of the defendants, the plaintiff Benson has undergone significant humiliation, embarrassment, pain, and mental suffering, which has caused her to expend funds for medical treatment.

## COUNT IV

### Fields v. Defendants

56.     The plaintiff Fields incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 34.

57.     On July 2, 2003, the plaintiff Fields was a resident of Lexington Green Apartments, owned and operated by the defendant Property Advisory Group, Inc.

58.     On July 2, 2003 at 7:45 a.m., six individual defendants entered the plaintiff, Fields', apartment and searched the entire apartment, including all bedrooms, and bathrooms, kitchen, and medicine bottles. When the plaintiff, Fields denied the defendants permission to search her apartment, they stated "we have the right to search anything".

59.     The defendants stated that their justification for searching the plaintiff, Fields' entire apartment was the existence of a capias for failure to appear at a diversionary status hearing.

60.     As a direct and proximate result of the actions of the defendants, the plaintiff Fields was subject to an unreasonable search and seizure, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

61.     As a further direct and proximate result of the actions of the defendants, the plaintiff Fields has undergone significant humiliation, embarrassment, pain, and mental suffering, which has caused her to expend funds for medical treatment.

## COUNT V

### Pennewell v. Defendants

62.    The plaintiff Pennewell incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 34.

63.    On July 2, 2003, the plaintiff Pennewell was a resident of Lexington Green Apartments, owned and operated by the defendant Property Advisory Group, Inc.

64.    On July 2, 2003 at approximately 7:00 a.m. the plaintiff Pennewell was not in her residence.

65.    The plaintiff Pennewell returned to her home at 10:30 a.m., the plaintiff Pennewell found her apartment empty and was told by her neighbor that her apartment had been entered and searched. When the plaintiff Pennewell entered her apartment, all doors to her closets were open and off their hinges.   Her apartment looked as if it had been ransacked.

66.    At the time of the events described herein, the only persons living with the plaintiff Pennewell were three minor children, one of whom  was on probation.

67.    An investigation by the New Castle County Police Department, acknowledged that the plaintiff, Pennewell, was never contacted or notified by any of the defendants providing notice for the purposes of their actions, and that as a result of violation of departmental police was found to have existed.

68.    As a direct and proximate result of the actions of the defendants, the plaintiff Pennewell was subject to an unreasonable search in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

69.    As a further direct and proximate result of the actions of the defendants, the plaintiff Pennewell has undergone significant humiliation, embarrassment, pain, and mental suffering, which has caused her to expend funds for medical treatment.

## COUNT VI

### Tucker v. Defendants

70.    The plaintiff Tucker incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 34.

71.    On July 2, 2003, the plaintiff Tucker was a resident of Lexington Green Apartments, owned and operated by the defendant Property Advisory Group, Inc.

72.    On July 2, 2003, at 6:45 a.m., the plaintiff, Tucker, was residing in her apartment when five individuals opened her apartment door with a key and entered without permission.

73.    The individuals who entered the plaintiff Tucker's searched the entire apartment and went through all her personal possessions and belongings.

74.    At the time of the search described herein the plaintiff, Tucker, was on probation for driving without insurance, but, was not arrested for any outstanding charges.

75.    An investigation conducted by the New Castle County Police of the action of the defendants, with regards to the plaintiff Tucker found that: "After careful examination of the available facts by the Professional Standards Unit, violations of department policy were found."

76.    As a direct and proximate result of the actions of the defendants, the plaintiff Tucker was subject to an unreasonable search and seizure, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. §1983.

77.    As a further direct and proximate result of the actions of the defendants, the plaintiff Tucker has undergone significant humiliation, embarrassment, pain, and mental suffering, which has caused her to expend funds for medical treatment.

## COUNT VII

### William Pennewell v. Defendants

78.    The plaintiff, William Pennewell incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 34.

79.    On July 2, 2003 the plaintiff, William Pennewell was a minor, being seventeen (17) years of age.

80.    On July 2, 2003 the plaintiff, William Pennewell, at the time the defendants commenced their searches of Lexington Green Apartments, was walking through the parking lot.

81.    As the plaintiff, William Pennewell was walking across the Lexington Green parking lot, one or more of the defendants, believing there being an outstanding warrant for William Pennewell, seized and arrested William Pennewell, handcuffed him, and placed him in a police vehicle.

82.    After checking with proper computer records, one or more of the defendants found that William Pennewell did not have an outstanding warrant. Nevertheless, instead of releasing William Pennewell, he was continued to be held and transported to another location where he was interrogated concerning unsolved criminal activity, there being no probable cause or reason to hold him in custody.

83.    As a direct and proximate result of the actions of the defendants the plaintiff, William Pennewell was subject to an unreasonable seizure in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and *42 U.S.C. §1983.*

84.    As a further and direct proximate result of the actions of the defendants, the plaintiff, William Pennewell, has undergone significant humiliation, embarrassment, pain and mental suffering.

## COUNT VIII

### All Plaintiffs v. All Defendants/Conspiracy/Pursuant to 42 U.S.C. §1985

85.    The plaintiffs incorporate herein and make a part hereof the allegations contained in paragraphs 1 through 84.

86.    All of the plaintiffs, except William Pennewell are African American females, and have been historically subjected to racial discrimination.

87.    The acts described herein of the defendants, done by them not by individuals, but by virtue of and under the authority of New Castle County defendants, under color of law, in conjunction with the defendant Property Advisory Group, and defendant, Rimmel, which acts were committed at the direction of the New Castle County defendants.

88.    In furtherance of the above-described unlawful conspiracy, the defendants obtained access to the plaintiffs' apartments, by obtaining tenant lists and keys to the plaintiffs' apartments from the defendants, Property Advisory Group and Rimmel, and proceeded to search the plaintiffs' apartments without probable cause or reasonable suspicion to believe any criminal activity was occurring therein.

89.    But for the fact that the plaintiffs, except William Pennewell, were African American females, the defendants would not have acted in violation of their rights, as described herein.

90.    As a direct and proximate result of the actions of the defendants, and their conspiracies to perform such acts, the plaintiffs were subject to unreasonable searches and/or

seizures in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States
Constitution, and 42 U.S.C. §1985(3).

## COUNT VIIII

### All Plaintiffs v. Rimmel and Property Advisory Group (Privacy)

91.     Plaintiffs incorporate herein and make a part hereof the allegations contained in
paragraphs 1 through 90.

92.     At all relevant times the defendant, Sue Rimmel was, as an agent and employee,
employed by Property Advisory Group, was the resident manager of Lexington Green
Apartments, and in that capacity was the person within the company who had the responsibility
for maintaining the tenant records and list of all tenants of Lexington Green Apartments.

93.     Pursuant to custom, practice, and law, the defendant corporation and the
individual defendant, Rimmel, were required to maintain its tenant lists as confidential and not to
be released to third parties without the consent or knowledge of the plaintiffs.

94.     During the later part of June or early July 2003, the individual defendant, Sue
Rimmel in her capacity as an agent and employee of the defendant, Property Advisory Group,
released the individual plaintiffs' personal information as tenants of Lexington Green
Apartments to the New Castle County defendants, upon their request, without legal process, or a
warrant authorizing the production of such information.

95.     The defendants Rimmel and Property Advisory Group, released plaintiffs
personal information as tenants of Lexington Green without providing the plaintiffs any prior
notice or opportunity to protect the disclosure so that the plaintiff had no opportunity to protect
such information from release of third parties.

96.    As a direct and proximate result of the improper and illegal disclosure of the tenancy information of the plaintiffs the individual defendant, Sue Rimmel, to the New Castle County defendants, the individual plaintiffs were subject to an unlawful and unconstitutional search of their residences.

**WHEREFORE,** the plaintiffs demand judgment against the defendants, as follows:

a.    Declaratory Judgment that the actions, customs, and policies of the defendants as described herein are vilotive of The United States Constitution, and the amendments thereto, and the statutes of the United States of America.

b.    Issue injunctive relief directing that the defendants cease and decist from conducting actions such as described herein for the purpose of searching residences such as the plaintiffs residences for criminal conduct without probable cause.

c.    The cost of repairing any real property belonging to the plaintiffs.

d.    Such monies necessary to compensate the plaintiff's for their medical expenses.

e.    Such sums of monies, which will compensate the plaintiffs for their pain, suffering, embarrassment and humiliation.

f.    Exemplary damages.

g.    Reasonable attorney fees and the cost of this action.

h.    Such other and further relief as this Court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

_____ /s/ Gary W. Aber _____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiffs

DATED:  March 22, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached pleading were electronically delivered to the following counsel on March 22, 2005:

Aaron R. Goldstein, Esquire
Deputy Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

Eric Episcopo, Esquire
County Attorney
87 Reeds Way
New Castle, DE 19720

Robert J. Leoni, Esquire
Morgan, Shelsby & Leoni
131 Continental Drive, Suite 206
Newark, DE 19713

Ronald L. Stoner, Esquire
1107 Polly Drummond Plaza
Newark, DE 19711

_____/s/ Melissa A. Chionchio_____
Melissa A. Chionchio
Secretary to Gary W. Aber, Esquire