IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHELLE BURKS, TERRY BENSON, RHONDA FAWRA, AMBER FIELDS, GWENZELLA PENNEWELL, ROCHELLE TUCKER and WILLIAM PENNEWELL, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A.No. 04-0165-KAJ |
| JAMES HOBAN, CRAIG WELDON, ROBERT ROWE, ROGER JACKSON, ROBERT WILLOUGHBY, MARK LUTES, JASON WILSON, DESHAWN PRICE, CHARLES TWADORSKI, BRENT SNYDER, PHILLIP DAVIS, JAMES HEDRICK, SUE RIMMEL, PROPERTY ADVISORY GROUP, INC, AND NEW CASTLE COUNTY | ) ) ) ) ) ) ) ) ) ) ) | Trial By Jury Demanded |
| Defendants. | ) | |

ANSWER TO THIRD AMENDED COMPLAINT ON BEHALF OF DEFENDANTS
ROBERT ROWE AND ROBERT WILLOUGHBY

1.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

2.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

3.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

4.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

5.    The Defendants are without sufficient knowledge or information sufficient to

form a belief as to the truthfulness of this paragraph.

6.      The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

7.      The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

8.      Admitted as to the factual allegations regarding Robert Rowe's employment with the State of Delaware; the remainder of the paragraph contains legal conclusions/arguments which do not require a response.

9.      Admitted as to the factual allegations regarding Robert Willoughby's employment with the State of Delaware; the remainder of the paragraph contains legal conclusions/arguments which do not require a response.

10.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

11.      This paragraph is directed to a party other than the answering defendants therefore no response is required.

12.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

13.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

14.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

15.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

16.    This paragraph is directed to a party other than the answering defendants therefore no response is required.

17.    This paragraph is directed to a party other than the answering defendants therefore no response is required.

18.    This paragraph is directed to a party other than the answering defendants therefore no response is required.

19.    This paragraph is directed to a party other than the answering defendants therefore no response is required.

20.    This paragraph is directed to a party other than the answering defendants therefore no response is required.

21.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

22.    Denied.

23.    Admitted.

24.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

25.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

26.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

27.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

28.    Admitted that the New Castle County Police Department approached the

Department of Probation and Parole, denied as to the remainder of the paragraph.

29.     Denied.

30.     Admitted that the property advisory group provided keys to the apartments, denied as to the remainder of the paragraph.

31.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

32.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

33.     The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

34.     The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

35.     Answering Defendants re-allege and incorporate by reference herein the answers in paragraphs 1 - 34 of this Answer.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

41.     The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

42.     Answering Defendants re-allege and incorporate by reference herein the answers

in paragraphs 1 – 41 of this Answer.

43.     Admitted.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     The paragraph states a legal conclusion/argument to which no response is
required.  To the extent an answer is required, it is specifically denied in its entirety.

49.     The paragraph states a legal conclusion/argument to which no response is
required.  To the extent an answer is required, it is specifically denied in its entirety.

50.     Answering Defendants re-allege and incorporate by reference herein the answers
in paragraphs 1 – 49 of this Answer.

51.     Admitted.

52.     Denied.

53.     Admitted that Plaintiff Fawra was lawfully arrested, denied as to the remainder of
the paragraph.

54.     The paragraph states a legal conclusion/argument to which no response is
required.  To the extent an answer is required, it is specifically denied in its entirety.

55.     The paragraph states a legal conclusion/argument to which no response is
required.  To the extent an answer is required, it is specifically denied in its entirety.

56.     Answering Defendants re-allege and incorporate by reference herein the answers
in paragraphs 1 – 55 of this Answer.

57.     Admitted.

58.    Denied.

59.    Denied.

60.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

61.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

62.    Answering Defendants re-allege and incorporate by reference herein the answers in paragraphs 1 – 61 of this Answer.

63.    Admitted.

64.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

65.    Denied.

66.    Denied.

67.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

68.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

69.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

70.    Answering Defendants re-allege and incorporate by reference herein the answers in paragraphs 1 – 69 of this Answer.

71.    Admitted.

72.    Denied.

73.    Denied.

74.    Admitted that Plaintiff Tucker was on probation, denied as to the remainder of the paragraph.

75.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

76.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

77.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

78.    Answering Defendants re-allege and incorporate by reference herein the answers in paragraphs 1 – 77 of this Answer.

79.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

80.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

81.    The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

82.    Denied.

83.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

84.    The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

85.    Answering Defendants re-allege and incorporate by reference herein the answers

in paragraphs 1 – 84 of this Answer.

86.     The Defendants are without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

87.     Denied.

88.     Admitted that Defendant Property Advisory Group and Rimmel provided keys to the apartments, denied as to the remainder of the paragraph.

89.     Denied.

90.     The paragraph states a legal conclusion/argument to which no response is required.  To the extent an answer is required, it is specifically denied in its entirety.

91.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

92.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

93.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

94.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

95.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

96.     This paragraph is directed to a party other than the answering defendants therefore no response is required.

<u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

97.    The defendants are immune from liability to the plaintiffs under the doctrine of sovereign immunity.

98.    The defendants are immune from liability to the plaintiffs under the Delaware State Tort Claims Act.

99.    The defendants cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

100.    To the extent the plaintiffs seek to hold the defendants liable based on supervisory responsibilities, the Doctrine of *Respondeat Superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

101.    Defendants are entitled to qualified immunity.

102.    Plaintiffs fail to state a claim on which relief may be granted.

103.    Plaintiffs' injuries, if any, existed prior to the date of the alleged wrongful conduct by defendants.

104.    Plaintiffs' injuries, if any, resulted from an intervening and superseding cause.

105.    Plaintiffs contributed to any alleged injury that resulted from the alleged incident in a manner which precludes recovery.

106.    Negligence is not a cause of action under 42 *U.S.C.* § 1983.

107.    The defendants, in their official capacities, are immune from liability under the Eleventh Amendment of the United States Constitution.

108.    The defendants, in their official capacities, are not liable for alleged violations of Plaintiffs' constitutional rights as they are not "persons" pursuant to 42 *U.S.C.* § 1983.

WHEREFORE, Defendants Rowe and Willoughby demand that judgment be entered in their favor as to all claims and against the plaintiffs as to all claims and that attorney fees be awarded to the Defendants.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


/s/ Aaron R. Goldstein
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
DATE: April 8, 2005                    aaron.goldstein@state.de.us

## CERTIFICATE OF MAILING AND/OR DELIVERY

I hereby certify that on April 8, 2005, I electronically filed Defendants Rowe and Willoughby's Answer to the Third Amended Complaint with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:   Gary W. Aber, Esquire, Eric. L. Episcopo, Esquire, Ronald Stoner, Esquire,   I hereby certify that on April 1, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants: Robert Joseph Leoni, Esquire.

/s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us