UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ROCHELLE BURKS,** | : | C.A. No. 1:04-cv-00165-KAJ |
| **TERRY BENSON,** | : | |
| **RHONDA FAWRA,** | : | |
| **AMBER FIELDS,** | : | |
| **GWENZELLA PENNEWELL,** | : | |
| **ROCHELLE TUCKER,** and | : | |
| **WILLIAM PENNEWELL,** | : | |
| Plaintiffs | : | |
| v. | : | |
| **ROBERT ROWE,** | : | |
| **JAMES B. HOBAN,** | : | |
| **CRAIG WELDON,** | : | |
| **ROBERT WILLOUGHBY,** | : | |
| **MARK LUTES,** | : | |
| **JASON WILSON,** | : | |
| **DESHAWN L. PRICE,** | : | |
| **CHARLES TWARDORSKI,** | : | |
| **BRENT SNYDER,** | : | |
| **PHILLIP H. DAVIS,** | : | |
| **JAMES HEDRICK,** | : | |
| **SUE RIMMEL,** | : | |
| **PROPERTY ADVISORY GROUP, INC.,** | : | |
| **NEW CASTLE COUNTY,** and | : | |
| **ROGER JACKSON,** | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION OF DEFENDANTS,**
**SUE RIMMEL AND PROPERTY ADVISORY GROUP, INC.**
**TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO**
<u>**FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**</u>

Defendants, Sue Rimmel and Property Advisory Group, Inc., by and through its undersigned counsel, hereby moves this Honorable Court to dismiss Plaintiffs' Civil Action Complaint with prejudice and avers the following in support thereof:

**I.      INTRODUCTION**

Plaintiffs, residents of Lexington Green Apartments, filed this civil action complaint alleging violations of their constitutional rights pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as a result of alleged unreasonable searches and seizures of their apartments and person by the New Castle County Police Department. See Civil Complaint.

Moving Defendant, Property Advisory Group, Inc., is a private corporation that is alleged to employ Sue Rimmel, who allegedly provided the New Castle County Police Department with the names of the residents of the complex. See Civil Complaint Paragraphs 23, 25. The Complaint continues to allege that the New Castle County Police Department Defendants conducted unreasonable searches and seizures of certain apartments and individual persons. See Civil Action Complaint.

**II.     STANDARD OF REVIEW**

In considering a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and view any reasonable inferences that can be drawn from those allegations in a light most favorable to the plaintiff. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985); see also Young v. City of Allentown, 882, F.Supp. 1490 (E.D. Pa. 1995). A complaint may properly be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Wisniewski, *supra* at 273. A claim may be dismissed when the facts alleged and reasonable inferences therefrom are legally insufficient to support the relief sought. See Pennsylvania ex. Rel. Zimmerman v. Pepsi Co., Inc., 836 F.2d 173, 179 (3d Cir. 1988).

Federal Rule of Civil Procedure 12(b)(6) states that a Motion to Dismiss made pursuant to the rule may also be treated as a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and matters outside the pleading may be presented.

### III. LEGAL ARGUMENT

For the reasons set forth herein, Plaintiffs Complaint against Sue Rimmel and Property Advisory Group, Inc. fails as a matter of law.

**A. Sue Rimmel and Property Advisory Group, Inc. Are Not State Actors and Therefore Not Subject To Section 1983 and Section 1985 Liability In Counts I-VIII[1]**

To establish a violation of a constitutional right under 42 U.S.C. § 1983, a plaintiff must establish that (1) the conduct complained of was committed by a private party acting under the color of state law (a "state actor"), and, if this test is met, that (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Freedom Baptist Church of Delaware County v. Township of Middletown, 204 F.Supp. 857, 875 (E.D. Pa. 2002). Here, plaintiff does not demonstrate that Sue Rimmel and Property Advisory Group were, at any time, a state actor. Without such a showing, Plaintiff cannot make a § 1983 claim against Sue Rimmel and Property Advisory Group .

When determining whether a party is a state actor under § 1983, courts utilize one of

---

[1] The United States District court for the Eastern District of Pennsylvania recognizes that, in limited circumstances, the conspiracy provision of 42 U.S.C.S. 1985(3) provides a cause of action against both private and state actors. However where the action is being brought against private conspirators, the United States Supreme court has thus far only recognized two rights protected under § 1985(3): the right to be free from involuntary servitude; and the right to interstate travel. Where plaintiffs have not alleged either of these two rights and their 42 U.S.C.S.§1983 claims have been dismissed, it follows that their 42 U.S.C.S.§1985 claims must also be dismissed for failure to state a claim. Nanya-Nashut ex rel Hand v. Centex Home Equity Corp., 2003 U.S. Dist. LEXIS 25174 (December 1, 2003).

three tests: (1) the government function test; (2) the symbiotic relationship test; or (3) the close nexus test.  The Third Circuit has at times employed each of these tests depending on the specific facts of the case and on which test best addresses the legal issues contemplated in those facts.  However, to plead a proper § 1983 claim under any of these tests, a plaintiff must "allege sufficient facts to show or permit the inference of (1) a violation of a federal right (2) by a person acting under the color of state law."  <u>Id.</u>  Plaintiff here cannot demonstrate that Sue Rimmel and Property Advisory Group were a state actor under <u>any</u> of these tests.  Sue Rimmel and Property Advisory Group had scant involvement with the state.  Furthermore, Plaintiffs fail to allege any control over Sue Rimmel and Property Advisory Group by the state.  Therefore, Plaintiffs' allegations of § 1983 violations by Sue Rimmel and Property Advisory Group should be dismissed with prejudice.

    **1.    Under the Government Function Test, Sue Rimmel and Property Advisory Group Are Not a State Actors Because Their Actions are Not Traditionally Exclusively Reserved to the State.**

The government function test poses the basic inquiry: did the private entity engage in actions "traditionally exclusively reserved to the state?"  <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 352 (1974).  In recent years, the Supreme Court and the Circuit Courts have increasingly emphasized the exclusivity aspect of this test and have "rarely found that plaintiffs had met this rigorous standard."  <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1142 (3d Cir. 1995).  Under the government function test, Plaintiffs clearly cannot establish that Sue Rimmel and Property Advisory Group are state actors because Plaintiffs have not alleged any action by Sue Rimmel and Property Advisory Group

traditionally exclusively reserved to the state. Furthermore, Plaintiffs fail to allege that Sue Rimmel and Property Advisory Group were engaged in a government function at all.

While a state or federal government traditionally performs many functions, very few functions can be considered "exclusively reserved to the state." Groman v. Twp. of Manalapan, 47 F.3d 628, 640 (3d Cir. 1995). Even "receipt of public funds and the performance of a function serving the public alone are not enough" to make an action "exclusive" to the state. Id. Clearly, courts reserve this distinction for a small set of exclusive functions.[2] As the Third Circuit recently stated, "The exclusive public function test [is] rarely . . . satisfied" in any situation. Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995).

2. **Under the Symbiotic Relationship Test, Sue Rimmel and Property Advisory Group is Not a State Actor Because it is Wholly Independent from the state**

Plaintiffs also do not demonstrate that a "symbiotic relationship" existed between Sue Rimmel and Property Advisory Group and the state. The symbiotic relationship standard is the one most commonly applied.

> Under this test, the court must determine whether the plaintiff has pled sufficiently that the challenged action by the defendants could be treated as state action. It must be demonstrated that the

---

[2] Among the actions considered by courts as traditionally exclusively reserved to the state are election administration (Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157-158 (1978)), firefighting (Mark v. Borough of Hatboro, 51 F.3d 1137 (3d Cir. 1995)), and jury selection (Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614 (1991)). Even traditional state activities, such as education, have been held not to be exclusive government functions under this rigorous test. See Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982).

> state is intimately involved in that challenged private conduct in order
> for that conduct to be attributed to the state for purposes of Section 1983.

Woods v. Thomas, 1995 U.S.Dist. Lexis 6357 at *11-12 (May 11, 1995).

The Supreme Court first analyzed the symbiotic relationship test in Burton v. Wilmington Parking Auth., 365 U.S. 715, 724 (1961). In Burton, the State of Delaware created a parking ramp with ground-level retail space that provided 70% of the ramp's income. Id. at 716. An African-American patron brought a § 1983 action against a small restaurant and the ramp when an employee of the restaurant refused to serve him. Id. at 720. When considering whether the private restaurant was a state actor under § 1983, the court looked at both the mutual benefits between the parking authority and the restaurant and the financial dependence of the entities. Id. at 724. The court held that the parking structure and the restaurant were interrelated to such an extent that the State of Delaware could be responsible for the restaurant's discrimination. Id. The court found these parties to be in a symbiotic relationship and, therefore, the restaurant to be a state actor. Id.

Plaintiffs fail to establish that Sue Rimmel and Property Advisory Group and the state are in a symbiotic relationship of the sort required under Burton. Plaintiffs do not allege that Sue Rimmel and Property Advisory Group were fully dependent upon the state actors for theirs financial health or that they were dependent upon the state actors for the majority of its business. Plaintiffs also fail to allege that the state or any other state actor defendants exercised any level of control over the maintenance of Property Advisory Group or Sue Rimmel's job functions. Without these indicia of interdependence, Sue Rimmel and Property Advisory Group cannot be a state actor. Id.

> 3. **Under the Close Nexus Test, Plaintiff Cannot Establish That Sue Rimmel and Property Advisory Group is a State Actor Because the Actions of Sue Rimmel and Property Advisory Group Cannot be Fairly Treated as that of the State Itself.**

Finally, as with the government purpose test and the symbiotic relationship test, Plaintiff cannot establish that Sue Rimmel and Property Advisory Group are state actors under the "close nexus" test. Under this test, a court must determine whether "there is a sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the state itself." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). When making this inquiry, the court examines a variety of factors, including whether there is a significant amount of contact between the private party and the state, whether the state exercised coercive power or control over the private party, and whether the private party contracted directly with the state. Id.; see also West v. Atkins, 487 U.S. 42, 52 (1988). Plaintiff has not – and cannot – establish that a significant amount of contact existed between Sue Rimmel and Property Advisory Group and the state or that the state exercised any coercive control over Sue Rimmel and Property Advisory Group . Therefore, Sue Rimmel and Property Advisory Group are not a state actors under the close nexus test.

> 4. **Sue Rimmel Is Entitled to Good Faith Immunity**

In Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994), ,the Third Circuit adopted from the Fifth Circuit a modified form of the good faith defense available to individual private actors in Section 1983 claims. "Private Defendants should not be held liable under Section 1983 absent a showing of malice and evidence that they either knew or should have known

of the statute's constitutional infirmity." Id. at 1276.[3]

Plaintiffs have not demonstrated any evidence showing that Sue Rimmel and Property Advisory Group either (1) acted with malice, or (2) were aware that they were violating Plaintiff's constitutional right to due process. Therefore, Plaintiffs' Section 1983 claim against Sue Rimmel and Property Advisory Group should be dismissed with prejudice.

### C. Count IX Must Be Dismissed Because Plaintiffs Fail to Set Forth an Action for the Tort of Invasion of Privacy.[4]

The Restatement (Second) of Torts Section 652B defines the tort of "Intrusion Into Seclusion" to be the following:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

There is no allegation or evidence to support an allegation that either Sue Rimmel or Property Advisory Group, Inc. intruded upon the solitude of Plaintiffs. While Plaintiffs do enjoy a right to

---

[3] If this Court finds that Sue Rimmel and Property Advisory Group were state actors, then they are entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "All but the plainly incompetent and those who knowingly violate the law are protected by qualified immunity." Gruenke v. Seip, 225 F.3d 290, 299 (3d Cir. 2000). An error of law, even one which motivates a decision, is not sufficient to establish a due process claim. Sameric v. City of Philadelphia, 142 F.3d 582, 293-94 (3d Cir. 1998). Ultimately, the burden of proof lies with the Plaintiff: a defendant need only identify those claims that are deficient within the complaint without engaging in a lengthy defense of his conduct to support a motion for summary judgment. Grant v. City of Pittsburgh, 98 F.3d 116 (3d Cir. 1996).

[4] The Court has supplemental jurisdiction over Count IX as it is a state tort claim. If this Court dismisses Plaintiffs' federal claims against Sue Rimmel and Property Advisory Group, Inc., it should dismiss Count IX without prejudice for lack of jurisdiction.

privacy in their homes, it is not an invasion of that privacy to disseminate to law enforcement officers a list of the residents, or even the key to certain apartments, when legally required to do so.

Moreover, the only plaintiffs who allege that their keys were given to the police are Terry Benson and Rochelle Burks.  <u>See</u> Civil Complaint.  Therefore, at least as to the remaining Plaintiffs, this claim must be dismissed with prejudice.

**IV.    CONCLUSION**

For the reasons set forth herein, Moving Defendants, Sue Rimmel and Property Advisory Group, Inc., respectfully request that Plaintiffs' Complaint against them be dismissed.

Respectfully Submitted,

REGER & RIZZO, LLP


<u>/s/ Louis J. Rizzo, Jr., Esquire   Atty.I.D. No. 3374   </u>
Louis J. Rizzo, Jr., Esquire Atty.I.D. No. 3374
1001 Jefferson Street, Suite 202
Wilmington, DE   19801
(302)652-3611
Fax (302)652-3620
Email: lrizzo@regrizlaw.com
            -and-
Carla P. Maresca, Esquire
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103-2978
(215)-587-9400 (Phone)
(215)-587-9456 (Fax)

*Attorney for Defendants,*
*Sue Rimmel and Property Advisory Group, Inc.*