IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHELLE BURKS, TERRY BENSON<br>RHONDA FAWRA, AMBER FIELDS,<br>GWENZELLA PENNEWELL, and<br>ROCHELLE, TUCKER, WILLIAM PENNEWELL<br><br>　　　　　v.<br><br>　　　　　　　Plaintiffs,<br><br>JAMES HOBAN, CRAIG WELDON, ROBERT<br>ROWE, ROGER JACKSON, ROBERT<br>WILLOUGHBY, MARK LUTES, JASON WILSON,<br>DESHAWN PRICE, CHARLES TWARDORSKI,<br>BRENT SNYDER, PHILLIP DAVIS, JAMES<br>HEDRICK, SUE RIMMEL, PROPERTY ADVISORY<br>GROUP, INC, and NEW CASTLE COUNTY.<br><br>　　　　　　　Defendants. | )<br>)<br>) C.A. No.: 04-0165<br>)<br>) Trial By Jury Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>DEFENDANTS' JAMES HOBAN, CRAIG WELDON, ROGER JACKSON, MARK LUTES, JASON WILSON, DESHAWN PRICE, CHARLES TWARDORSKI, BRENT SNYDER, PHILLIP DAVIS, JAMES HEDRICK AND NEW CASTLE COUNTY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT</u>**

1.　　Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

2.　　Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

3.　　Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

4.　　Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

5.　　Answering Defendants are without information or knowledge sufficient to form a belief

as to the truth of this averment. To the extent a response is required, Denied.

6. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

7. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

8. Upon information and belief, Defendant Robert Rowe is a probation officer employed by the State of Delaware, Department of Corrections. Otherwise denied.

9. Upon information and belief, Defendant Robert Willoughby is a probation officer employed by the State of Delaware, Department of Corrections. Otherwise denied.

10. Admitted.

11. Admitted that Defendant Hoban is an employee of the New Castle County Department of Public Safety who may be served at the New Castle County Department of Public Safety located at 3601 N. DuPont Highway, New Castle, Delaware 19720.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18 Admitted.

19. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

20. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

21.     No response is required as Plaintiffs purport to state a legal conclusion. Plaintiffs' complaint speaks for itself. To the extent an answer is required, Denied.

22.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

23.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

24.     Admitted, Defendant Hetrick "sic" was at all times relevant herein the acting Colonel. Otherwise denied.

25      Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

26.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

27.     Admitted Answering Defendant Hoban sought to obtain a search warrant, the application for which was denied. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

28.     Admitted Answering Defendant Hoban contacted Defendants Rowe and Willoughby concerning the searches subject to this lawsuit. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

29.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

30.     Admitted on July 2, 2003 some or all Defendants conducted, without a search warrant, searches of some or all plaintiffs' dwellings. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the

extent a response is required, Denied.

31. No response is required as Plaintiffs purport to state a legal conclusion. To the extent an answer is required, Denied.

32. Denied.

33. Denied.

34. No response is required as Plaintiffs purport to state a legal conclusion. To the extent an answer is required, Denied.

35. No response is required.

36. Admitted that some defendants entered Plaintiff Benson's Apartment. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

37. Admitted that some defendants entered Plaintiff Benson's Apartment. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

38. Admitted that some defendants entered Plaintiff Benson's apartment. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

39. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

40. Denied.

41. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

42. No response is required.

43. Upon information and belief, Defendants admit this averment.

44. Admitted some defendants entered Plaintiff Burk's apartment and conducted a search. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

45. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

46 Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this remainder of this averment. To the extent a response is required, Denied.

47. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

48. Denied.

49. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

50. No response is required.

51. Upon information and belief Plaintiff Fawra was a resident of Lexington Green apartments. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

52. Admitted some defendants searched Plaintiff Fawra's apartment. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

53. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

54. Denied.

55. Answering Defendants are without information or knowledge sufficient to form a belief

as to the truth of this averment. To the extent a response is required, Denied.

56.  No response is required.

57.  Upon information and belief Plaintiff Fields was a resident of Lexington Green Apartments. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

58.  Admitted some defendants entered and searched Plaintiff Fields apartment. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

59.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

60.  Denied.

61.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

62.  No response is required.

63.  Upon information and belief Plaintiff Pennewell was a resident of Lexington Green Apartments. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

64.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

65.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

66.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

67. Admitted that violations of Departmental police "sic" were found by New Castle County Police Department. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

68. Denied.

69. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

70. No response is required.

71. Upon information and belief Plaintiff Tucker was a resident of Lexington Green Apartments. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

72. Admitted that some defendants entered Plaintiff Tucker's apartment on July 2, 2003. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

73. Admitted some defendants entered and searched Plaintiff Tucker's apartment. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

74. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

75. Admitted that New Castle County police concluded there were violations of departmental policy. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

76. Denied.

77. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

78. No response is required.

79. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

80. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

81. Admitted Plaintiff William Pennewell was detained by some of the Defendant New Castle County Police Officers. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

82. Admitted Plaintiff William Pennewell was detained by some of the Defendant New Castle County police officers. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

83. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

84. Denied.

85. No response is required

86. Upon information and belief, all of the Plaintiff's, except William Pennewell, are African American females. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of this averment. To the extent a response is required, Denied.

87. No response is required as Plaintiffs purport to state a legal conclusion. To the extent an answer is required, Denied.

88. Denied.

89. Denied.

90. Denied.

91. No response is required

92. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

93. No response is required as Plaintiffs purport to state a legal conclusion. To the extent an answer is required, Denied.

94. No response is required as Plaintiffs purport to state a legal conclusion. To the extent an answer is required, Denied.

95. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of this averment. To the extent a response is required, Denied.

96. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

97. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

98. Plaintiffs' claim must be dismissed as the complaint does not define what specific action or actions of Answering Defendant allegedly caused the plaintiffs harm.

### THIRD AFFIRMATIVE DEFENSE

99. Plaintiffs' state claims are barred by the doctrine of sovereign immunity. 10 Del. C. 4010 et seq.

### FOURTH AFFIRMATIVE DEFENSE

100. Plaintiffs damages, if any, under state law are limited by 10 Del. C. 4010, et seq.

**FIFTH AFFIRMATIVE DEFENSE**

101. Answering Defendants, in their official capacity, are immune from liability for punitive damages.

**SIXTH AFFIRMATIVE DEFENSE**

102. Answering Defendants were not negligent, reckless, malicious, willful or wanton.

**SEVENTH AFFIRMATIVE DEFENSE**

103. To the extent that Plaintiffs were injured, Answering Defendants were not the proximate cause of any such injuries.

**EIGHTH AFFIRMATIVE DEFENSE**

104. Any injuries or damages suffered by the plaintiffs, to the extent actually incurred, were caused by reason of their own wrongful acts, reckless misconduct and negligence.

**NINTH AFFIRMATIVE DEFENSE**

105. Answering Defendants are immune from all State law claims since plaintiffs have failed to comply with the notice requirements of New Castle County Code, Chapter 1, Sec. 1.01.011.

**TENTH AFFIRMATIVE DEFENSE**

106. Any injury or damages suffered by the Plaintiffs, to the extent actually incurred, were not caused by the Answering Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

107. Answering Defendants' action did not constitute an unreasonable search and seizure under applicable Federal and State law.

**TWELVTH AFFIRMATIVE DEFENSE**

108. The actions and conduct of the Answering Defendants did not violate any clearly established constitutional or Federal statutory rights of which defendants reasonably should have been aware, and they are therefore entitled to qualified immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

109. All or part of Plaintiffs, claims are barred by the Statute of Limitations

### FOURTEENTH AFFIRMATIVE DEFENSE

110. The actions and conduct of the Answering Defendants, to the extent they occurred as alleged, were undertaken in the good-faith performance of their official duties, without wantonness or malice, and were therefore privileged under the applicable state law.

### FIFTEENETH AFFIRMATIVE DEFENSE

111. The detention of Plaintiffs and the force allegedly used by Answering Defendants did not rise to the level of a constitutional violation and, therefore, the plaintiffs did not suffer any infringement of their respective constitutional rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

112. The detention of Plaintiffs with use of force to detain them by Answering Defendants is justified under constitutional and state law.

### CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST CO-DEFENDANTS SUE RIMMEL AND PROPERTY ADVISORY GROUP, INC.

113. On or about **July 2, 2003**, Sue Rimmel and Property Advisory Group were equal responsible participants with respect to the underlying matter.

114. In the event that the answering defendants, are held primarily liable to the plaintiffs, the alleged wrongful acts of the co-defendants, Sue Rimmel and Property Advisory Group, Inc., are contributory causes of the alleged damages sustained by the plaintiffs. As such, the answering defendants are entitled to contribution in any amount they may be required to pay plaintiff as a

result of the co-defendants Sue Rimmel and Property Advisory Group, Inc's wrongful acts based on the relative fault as determined in accordance with the provisions of the Uniform Contribution Among Tortfeasors Act, 10 Del. C. §6301 et seq., or other applicable law.

115.    Answering defendants, deny that they are liable to the plaintiffs in any respect. However, in the event that answering defendants are held liable to the plaintiffs, then it cross-claims against co-defendants Sue Rimmel and Property Advisory Group, Inc. on the grounds that the conduct of the co-defendants was the primary cause of the damage sustained by the plaintiffs and that the answering defendants, if liable, are only secondarily liable.  The answering defendants, therefore, is entitled to indemnification from co-defendants Sue Rimmel and Property Advisory Group, Inc.

### CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST CO-DEFENDANT STATE OF DELAWARE

116.    On or about **July 2, 2003**, State of Delaware, Robert Rowe and Robert Willoughby were equally responsible participants with respect to the underlying matter.

117.    In the event that the answering defendants, are held primarily liable to the plaintiffs, the alleged wrongful acts of the co-defendants, are contributory causes of the alleged damages sustained by the plaintiff.  As such, the answering defendants are entitled to contribution in any amount they may be required to pay plaintiff as a result of the co-defendants' wrongful acts based on the relative fault as determined in accordance with the provisions of the Uniform Contribution Among Tortfeasors Act, 10 Del. C. §6301 et seq., or other applicable law.

118.    Answering defendants, deny that they are liable to the plaintiffs in any respect. However, in the event that answering defendants are held liable to the plaintiffs, then it cross-claims against co-defendants on the grounds that the conduct of the co-defendants was the primary cause of the damage sustained by the plaintiff and that the answering defendants, if

liable, are only secondarily liable. The answering defendants, therefore, is entitled to indemnification from co-defendant.

                                                            NEW CASTLE COUNTY LAW

                                                            /s/ Eric Leonard Episcopo,
                                                            Eric Leonard Episcopo (I.D. #2258)
                                                           First Assistant County Attorney
                                                           87 Reads Way
                                                           New Castle, DE  19720
                                                           302-395-5135

                                                           /s/ Ronald Stoner
                                                           Ronald Stoner, Esquire (I.D. #2828)
                                                           1107 Polly Drummond Plaza
                                                           Newark, DE  19711
                                                           302-369-6400

Dated: May 6, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHELLE BURKS, TERRY BENSON<br>RHONDA FAWRA, AMBER FIELDS,<br>GWENZELLA PENNEWELL, and<br>ROCHELLE, TUCKER, WILLIAM PENNEWELL<br><br>            v.<br><br>        Plaintiffs,<br><br>JAMES HOBAN, CRAIG WELDON, ROBERT<br>ROWE, ROGER JACKSON, ROBERT<br>WILLOUGHBY, MARK LUTES, JASON WILSON,<br>DESHAWN PRICE, CHARLES TWARDORSKI,<br>BRENT SNYDER, PHILLIP DAVIS, JAMES<br>HEDRICK, SUE RIMMEL, PROPERTY ADVISORY<br>GROUP, INC, and NEW CASTLE COUNTY.<br><br>        Defendants. | )<br>)<br>) C.A. No.: 04-0165<br>)<br>) Trial By Jury Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

   I, Eric Leonard Episcopo, Esquire, hereby certify that on this 6th day of May 2005, have caused two (2) copies of the foregoing Answer to Third Amended Complaint to be served upon counsel via U.S. mail at the following address:

Gary Aber, Esquire(#754)
Aber Goldlust Baker & Over
702 King Street, Suite 600
P.O. Box 1674
Wilmington, DE  19899-1675

Robert J. Leoni, Esquire (#2888)
Morgan Shelsby & Leoni
131 Continental Drive, Suite 206
Newark, DE  19713

Ronald Stoner, Esquire (#2828)
1107 Polly Drummond Plaza
Newark, DE  19711

Aaron R. Goldstein, Esquire (#3735)
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE  19801

NEW CASTLE COUNTY LAW DEPT.

/s/ Eric Leonard Episcopo
Eric Leonard Episcopo (# 2258)
New Castle County Government Center
87 Reads Way
New Castle, DE 19720

Dated: May 6, 2005