IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHELLE BURKS, TERRY BENSON, RHONDA FAWRA, AMBER FIELDS, GWENZELLA PENNEWELL, ROCHELLE TUCKER and WILLIAM PENNEWELL, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A.No. 04-0165-KAJ ) |
| JAMES HOBAN, CRAIG WELDON, ROBERT ROWE, ROGER JACKSON, ROBERT WILLOUGHBY, MARK LUTES, JASON WILSON, DESHAWN PRICE, CHARLES TWADORSKI, BRENT SNYDER, PHILLIP DAVIS, JAMES HEDRICK, SUE RIMMEL, PROPERTY ADVISORY GROUP, INC, AND NEW CASTLE COUNTY, | ) Trial By Jury Demanded ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### ANSWER TO CROSS-CLAIM and CROSS-CLAIMS OF DEFENDANTS ROBERT ROWE AND ROBERT WILLOUGHBY

116.   Denied.

117.   The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

118.   The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

### DEFENSES AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS

119.   Defendants Rowe and Willoughby hereby incorporate by reference all defenses and affirmative defenses set forth in their Answer to Plaintiff's Third Amended Complaint and re-allege them against any cross-claimant.

120. The State of Delaware, and/or its agency the Department of Correction, is not a party to this action nor has it consented to be made a party to this litigation.

121. The Co-defendants' cross-claims against the State of Delaware are barred by the Eleventh Amendment to the United States Constitution.

122. To the extent that Plaintiffs were injured, Answering Defendants were not the proximate cause of any such injury.

### CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST CO-DEFENDANTS SUE RIMMEL AND PROPERTY ADVISORY GROUP, INC.

123. On or about July 2, 2003, Sue Rimmel and Property Advisory Group were equal responsible participants with respect to the underlying matter.

124. In the event that the answering defendants, are held primarily liable to the plaintiffs, the alleged wrongful acts of the co-defendants, Sue Rimmel and Property Advisory Group, Inc., are contributory causes of the alleged damages sustained by the plaintiffs. As such, the answering defendants are entitled to contribution in any amount they may be required to pay plaintiffs as a result of the co-defendants Sue Rimmel and Property Advisory Group, Inc's wrongful acts based on the relative fault as determined in accordance with the provisions of the Uniform Contribution Among Tortfeasors Act, 10 *Del. C.* §6301 *et seq.*, or other applicable law.

125. Answering defendants, deny that they are liable to the plaintiffs in any respect. However, in the event that answering defendants are held liable to the plaintiffs, then it cross-claims against co-defendants Sue Rimmel and Property Advisory Group, Inc. on the grounds that the conduct of the co-defendants were the primary cause of the damage sustained by the plaintiffs and that the answering defendants, if liable, are only

secondarily liable. The answering defendants, therefore, are entitled to indemnification from co-defendants Sue Rimmel and Property Advisory Group, Inc.

## CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST NEW CASTLE COUNTY CO-DEFENDANTS

126.  On or about July 2, 2003, New Castle County, and New Castle County Police Officers James Hoban, Craig Weldon, Roger Jackson, Mark Lutes, Jason Wilson, Deshawn Price, Charles Twadorski, Brent Snyder, Phillip Davis, and James Hedrick, in their official and individual capacities, were equally responsible participants with respect to the underlying matter.

127.  In the event that the answering defendants, are held primarily liable to the plaintiffs, the alleged wrongful acts of the co-defendants, are contributory causes of the alleged damages sustained by the plaintiffs. As such, the answering defendants are entitled to contribution in any amount they may be required to pay plaintiffs as a result of the co-defendants' wrongful acts based on the relative fault as determined in accordance with the provisions of the Uniform Contribution Among Tortfeasors Act, 10 *Del. C.* §6301 *et seq.*, or other applicable law.

128.  Answering defendants, deny that they are liable to the plaintiffs in any respect. However, in the event that answering defendants are held liable to the plaintiffs, then it cross-claims against co-defendants on the grounds that the conduct of the co-defendants was the primary cause of the damage sustained by the plaintiffs and that the answering defendants, if liable, are only secondarily liable. The answering defendants, therefore, are entitled to indemnification from the co-defendants.

|  | STATE OF DELAWARE<br>DEPARTMENT OF JUSTICE |
|---|---|
|  | /s/ Aaron R. Goldstein<br>Deputy Attorney General<br>Department of Justice<br>Carvel State Building<br>820 N. French Street, 6th Floor<br>Wilmington, DE 19801<br>(302) 577-8400 |
| DATE: May 9, 2005 | aaron.goldstein@state.de.us |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

      I hereby certify that on May 9, 2005, I electronically filed Defendants Rowe and Willoughby's *Answer to Cross-Claim* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:   Gary W. Aber, Esquire, Eric. L. Episcopo, Esquire, Ronald Stoner, Esquire,   I hereby certify that on May 9, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants: Robert Joseph Leoni, Esquire.

      /s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us