IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHELLE BURKS, TERRY BENSON, RHONDA FAWRA, AMBER FIELDS, GWENZELLA PENNEWELL, and ROCHELLE TUCKER, <br><br> Plaintiffs, <br><br> v. <br><br> NEW CASTLE COUNTY POLICE DEPARTMENT, ROBERT JACKSON, ROBERT ROWE, UNKNOWN OFFICERS OF THE STATE OF DELAWARE DEPARTMENT OF CORRECTIONS DIVISION OF FIELD SERVICES FOR PROBATION AND PAROLE, and UNKNOWN OFFICERS OF THE NEW CASTLE COUNTY POLICE DEPARTMENT, <br><br> Defendants. | Civil Action No. 04-165-KAJ |

## FIRST AMENDED SCHEDULING ORDER

At Wilmington, this 25th day of May, 2005,

IT IS HEREBY ORDERED that the Court's Scheduling Order dated January 13, 2005 (D.I. 35), is amended as follows:

1. Discovery

    a. Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before September 30, 2005. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

b.  *Disclosure of Expert Testimony*.  Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery; and they shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery.  To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

c.  *Discovery Disputes*.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and or summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

2. *Case Dispositive Motions*. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before November 4, 2005. Briefing will be presented pursuant to the Court's Local Rules.

3. *Pretrial Conference*. On April 20, 2006, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanied the original Scheduling Order on or before March 20, 2006.

4. *Motions in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

5. *Jury Instructions, Voir Dire, and Special Verdict Forms*. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the final pretrial conference. That submission shall be

accompanied by a computer diskette (in WordPerfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

6.  Trial.  This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on May 22, 2006.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 10 hours to present their case.

All other deadlines as set forth in the Court's January 13, 2005 Scheduling Order (D.I. 35) shall remain in effect.

_____
UNITED STATES DISTRICT JUDGE